**285-LawHQ, P.C.**
John Kauffman (SBN 302422)
299 S. Main St. #1300
Salt Lake City, UT 84111
Telephone: (385) 285-1090 Ext. 30056
Email: john.kauffman@lawhq.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonathan Weaver,<br><br>Plaintiff,<br><br>v.<br><br>Investortek Holdings, Inc.,<br><br>Defendant. | Case No. '22CV1424 GPC DEB<br><br>CLASS ACTION COMPLAINT<br>JURY DEMAND |

## INTRODUCTION

1. Like most Americans, Jonathan Weaver ("Jonathan") has a mobile residential telephone.

2. Being mobile, Jonathan takes this phone everywhere. Jonathan uses this phone to receive and make important calls, to get emergency information and to receive and send text messages to family members and friends. Jonathan uses this phone regularly for personal enjoyment.

3. But Jonathan's privacy and phone are both invaded by the text messages of Defendant Investortek Holdings, Inc.

- 1 -
Class Action Complaint

4. Jonathan has no relationship with Defendant, has no account with Defendant, has never provided any phone number to Defendant and has never consented to Defendant sending any type of communication.

5. Jonathan has tried to eliminate the harassment and invasion of privacy from unauthorized calls by registering on the National Do Not Call Registry ("DNCR"), but even that did not work.

6. Defendant simply continues to blast text messages without caring if consent was obtained or if the recipient was on the DNCR.

7. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ("TCPA"). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

8. Jonathan brings this action for himself and for other similarly situated people in the United States to enjoin these abusive practices and for damages.

**JURISDICTION AND VENUE**

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District.

- 2 -
Class Action Complaint

## PARTIES

11. Plaintiff Jonathan Weaver is a resident of Cameron County, Texas.

12. Defendant Investortek Holdings, Inc. is an Ohio corporation whose principal place of business is in San Marcos, San Diego County, California.

## FACTUAL ALLEGATIONS

13. Jonathan's privacy and phone have been invaded by the non-emergency telemarketing calls from Defendant.

14. Jonathan is the residential subscriber of the cell phone number 737-615-0273. Jonathan uses this number only for personal use and does not use it in any business.

15. Jonathan registered 737-615-0273 on the DNCR to stop telephone solicitations on June 23, 2019.

16. Defendant knowingly and willfully texted Jonathan at least four times from 650-695-6626, all of which he reviewed:

<u>On June 29, 2022</u>

Hi, Johnny here from Acquisitionpreneur

<u>On June 29, 2022</u>

We're just over 4 weeks out from our next live Acquisitions event in Nashville. If you haven't secured your ticket yet, simply reply to this message saying "profits" and we'll get in touch ASAP

<u>On July 5, 2022</u>

> Hi Jonathan, Did you receive our email about all the great prizes you can win when you register for 'One Relationship Away'? Reply Y/ N - AP Team

<u>On July 21, 2022</u>

> Hey Johnathan, its Johnny from Acquisitionpreneur team. How you doing?

17. Jonathan never provided 737-615-0273 to Defendant, never had a relationship with Defendant and never gave permission to Defendant to send any type of communication.

18. These text messages were sent for the purpose of encouraging Jonathan to purchase investment courses and/or seminars.

19. The calls were made using an Automatic Telephone Dialing System ("ATDS") and/or an artificial or prerecorded voice message. This is based on the following facts:

    i.    Jonathan has no relationship to Defendant;

    ii.    The texts were not in response to any action taken by Jonathan;

    iii.    Jonathan never provided his number to Defendant, suggesting Defendant randomly generated his number;

    iv.    The phone numbers spammed by Defendant appear to be randomly or sequentially stored and produced not from

    information consensually provided to Defendant, but from bots, public data sources or some other means as Jonathan did not provide Defendant with his number.

  v. Some of the texts asked for one-word responses that automated systems would use, but that would be non-sensical for a human such as "reply to this message saying 'profits' and we'll get in touch ASAP."

20. The text messages did not disclose the name of the individual sending the message nor the legal entity responsible for the text message.

21. On information and belief, Defendant has sent text messages like these to thousands of people.

22. These calls have caused Jonathan frustration, stress, anxiety and worry about scammers. The calls hinder Jonathan from determining the purpose of the call, from making a do-not-call request and from monitoring compliance with the TCPA rules. The calls cause Jonathan to avoid looking at his phone when it may be important. The calls reduce the storage and battery life on Jonathan's phone. The calls dimmish the value of Jonathan's phone and Jonathan's enjoyment of life. In short, the calls invade Jonathan's privacy and cause a nuisance, an annoyance and an intrusion into Jonathan's seclusion.

## LEGAL STANDARD

23. **Autodialed Calls**. The TCPA provides that no person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); see also 47 C.F.R. § 64.1200(a)(1). If the call "introduces an advertisement or constitutes telemarketing" then "prior express written consent" is required. 47 C.F.R. § 64.1200(a)(2).

24. **Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

25. **Failure to Identify Caller**. The TCPA prohibits callers from telemarketing to a residential telephone subscriber without disclosing the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

26. **Text message are calls**. Both phone calls and text messages qualify as a "call" under the TCPA. *Satterfield v. Simon Schuster*, 569 F.3d 946, 954 (9th Cir. 2009).

# CLASS ACTION ALLEGATIONS

27. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself, and three Classes of persons similarly situated in order to remedy the ongoing unlawful business practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

28. **Class Definitions.** Plaintiff proposes the following Classes:

> **The Automated Calls Class**
>
> All people in the United States who (1) within four years prior to the filing of this action through the date of certification, (2) Defendant sent or caused to be sent a text message to their cellular telephone, (3) using the same equipment or type of equipment utilized to send text messages to Plaintiff.
>
> **The Do Not Call Class**
>
> All people in the United States who (1) Defendant sent or caused to be sent more than one telemarketing text message within any 12-month period, (2) to their residential cellular telephone number, (3) while that number was listed on the national Do Not Call Registry, (4) four years from the filing of this action through the date of class certification.

**The Failure To Identify Class**

All people in the United States (1) Defendant sent or caused to be sent more than one telemarketing text message within any 12-month period, (2) to their residential telephone, (3) without disclosing the identity of the individual caller and the identity of the entity on whose behalf the text message was sent, (4) four years from the filing of this action through the date of class certification.

29. A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

30. If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

31. **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed

numerical threshold. In general, courts find the numerosity requirement satisfied when a class includes at least forty members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

32. **Commonality**. A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The Supreme Court has said the word "question" in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

33. There are questions of law and fact common to the proposed Classes. These questions include, inter alia:

    i. Did they receive a text from Defendant?

    ii. Was the number texted registered on the Do Not Call Registry?

    iii. Did Defendant use an Automatic Telephone Dialing System ("ATDS")?

    iv. Were the text messages for an emergency purpose?

    v. Did the text messages properly identify the sender?

        vi.        Were the actions willful or knowing?

34. **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

35. Plaintiff's claims herein are typical of those of the Classes he seeks to represent. Plaintiff's and the Class members' claims arise from the same conduct of Defendant: text messages sent to people on the DNC registry, with no identification of the sender, and sent using an ATDS without express written consent.

36. **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Plaintiff is an adequate representative of the Classes because his interests

are common with the interests of the Classes, and he will fairly and adequately protect the interests of the Classes by pursuing this matter. Plaintiff is represented by counsel competent and experienced in TCPA and class action litigation.

37. **Predominance of Common Questions and Superiority**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined at a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining whether class action is the superior method of litigation. First, the class members' interests in individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or undesirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(D). Where class wide litigation will reduce litigation costs and promote greater efficiency, a class action may be the superior method of litigation.

Class Action Complaint

38.     The questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interests of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

39.     Managing this case as a class action should have no significant difficulties. The law applicable to each putative class member is identical. The facts are, too. Ultimately, the basic questions in this case are the same for all class members. For The Automated Calls Class, the question for all members is whether Defendant sent texts to a putative class member without authorization using an ATDS. For the DNC Class, the question for all members is whether Defendant sent texts to a putative class member who was registered on the DNC registry. For the Failure to Identify Class, the question for all members is whether Defendant properly identified itself in the text messages. The common answer to these questions will determine Defendant's liability. Precedent demonstrates that these questions can be litigated on a class wide basis.

Class Action Complaint

**FIRST CAUSE OF ACTION**
**Violations of 47 U.S.C. § 227(b) & 47 C.F.R. 64.1200(a)**
**(On Behalf of Plaintiff and the Automated Calls Class)**

40. Defendant's use of an ATDS to contact Plaintiff and members of the Automated Calls Class violated 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(a).

41. As a result, Plaintiff and members of the Automated Calls Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Because the violation was knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B)-(C).

43. Plaintiff and members of the Automated Calls Class are also entitled to injunctive relief, prohibiting Defendant from using an ATDS when sending telemarketing text messages without the prior express written consent of the called party.

**SECOND CAUSE OF ACTION**
**Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the Do Not Call Class)**

44. Defendant's telephone solicitations via text message to the residential cellular telephones of Plaintiff and members of the Do Not Call Class while on the National Do Not Call Registry constitute a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

45. As a result of the violation of 47 C.F.R. § 64.1200(c)(2), Plaintiff and members of the Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

46. Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

47. Plaintiff and members of the Do Not Call Class are also entitled to and seek injunctive relief prohibiting Defendant from sending telephone solicitations via text messages to phone numbers on the DNCR.

**THIRD CAUSE OF ACTION**
**Violations 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Failure to Identify Class)**

48. Defendant's sending of telemarketing text messages to the residential cellular telephones of Plaintiff and members of the Failure to Identify Class without disclosing the identity of the individual and identity of the entity on whose behalf the messages are sent constitutes a violation of 47 C.F.R. § 64.1200(d)(4).

49. As a result of the violations of 47 C.F.R. § 64.1200(d)(4), Plaintiff and members of the Failure to Identify Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

50. Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

51. Plaintiff and members of the Failure to Identify Class are also entitled to and seek injunctive relief requiring Defendant to disclose the name of the actual individual and the actual name of the incorporated entity on whose behalf any text messages are sent when telemarketing.

52. Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

  A. Certification of the proposed Classes;

  B. Appointment of Plaintiff as class representative;

  C. Appointment of the undersigned as counsel for the Classes;

  D. An order enjoining Defendant from using an ATDS when sending telemarketing text messages without the consent of the called party;

  E. An order enjoining Defendant from sending telephone solicitations via text messages to phone numbers on the DNCR;

  F. An order requiring Defendant to disclose the actual name of the individual sending the messages as well as the actual legal name Investortek Holdings, Inc. when telemarketing;

G. An award of damages to Plaintiff and the Classes, as allowed by law; and

H. Orders granting such other relief as the Court deems necessary, just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

DATED: September 20, 2022

                                            LawHQ, P.C.
                                            Attorney for Plaintiff

                                            /s/ *John Kauffman*
                                            John Kauffman

Class Action Complaint